JUDGE SULLIVAN

**'08 CIV 5904**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARIGOLD ENTERPRISES, INC.,

                Plaintiff,

   - against -                                        ECF CASE

EDIBLE OIL MARKETING, LLC,

                Defendant.
-------------------------------------------------------X

<u>**VERIFIED COMPLAINT**</u>

Plaintiff, MARIGOLD ENTERPRISES, INC., (hereinafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, EDIBLE OIL MARKETING, LLC (hereinafter referred to as "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States Code §1331.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the disponent owner of the motor vessel "LIQUID FORTUNE" (hereinafter the "Vessel").

3. Upon information and belief, Defendant was, and still is, a corporation, or other business entity, organized under, and existing by virtue of foreign law, and was at all material times the charterer of the Vessel.

4. By a fixture recap and charter party made on or about November 16, 2007, Plaintiff voyage chartered the Vessel to Defendant for the carriage of corn oil in bulk from Rosario to Damietta.

5. Plaintiff delivered the Vessel into the service of the Defendant and fully performed all duties and obligations under the fixture recap and charter party.

6. A dispute arose between the parties regarding Defendant's failure to pay demurrage[1] costs due and owing to Plaintiff under the fixture recap and charter party contract.

7. As a result of Defendant's breach of the fixture recap and charter party due to its failure to pay demurrage costs of the Vessel, Plaintiff has sustained damages in the total principal amount of $23,487.86 exclusive of interest, litigation and/or arbitration costs and attorneys fees.

8. Despite due and repeated demand, Defendant has failed to pay the amounts due and owing under the fixture recap and charter party.

9. Pursuant to the fixture recap and charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

10. Thus, Plaintiff is preparing to commence arbitration proceedings against Defendant on its claims.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

---

[1] Demurrage is a liquidated damage for delay set forth in the fixture recap and charter party that requires a charterer to pay to owner when the vessel is prevented from the loading or discharging of cargo within the stipulated laytime (i.e., the maximum time permitted in the charter party for cargo operations – here defined by the charter party as $14,000.00 per day, pro rata.)

| | | |
|---|---|---:|
| A. | Principal claim - Demurrage: | $ 21,719.76 |
| | -Wharfage dues: | $ 158.00 |
| | -Legal fees for the cancellation of the bills of lading | $ 2,696.09 |
| B. | Estimated interest on claim - | |
| | 2 years at 7% compounded quarterly: | $ 3,496.31 |
| C. | Estimated arbitration costs: | $ 3,000.00 |
| D. | Estimated attorneys' fees and expenses: | $ 5,000.00 |
| | **Total:** | **$ 36,070.16** |

12. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant. *See Affidavit in Support of Prayer for Maritime Attachment annexed hereto as Exhibit 1.*

13. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$ 36,070.16** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That pursuant to 9 U.S.C. §§ 201 et. seq. and/or the principles of comity, this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

D.  In the alternative, that the Court retain jurisdiction to compel the Defendant(s) to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

E.  That this Court recognize and confirm any award or judgment rendered on the claims had herein as a Judgment of this Court;

F.  That in the alternate this Court enter judgment against Defendant on the claims set forth herin;

G.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

H.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

I.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, NY
June 30, 2008

> The Plaintiff,
> MARIGOLD ENTERPRISES, INC.
>
> By: _____
> Patrick F. Lennon
> Nancy R. Peterson
> Coleen A. McEvoy
> LENNON, MURPHY & LENNON, LLC
> 420 Lexington Avenue, Suite 300
> New York, NY 10170
> (212) 490-6050 - phone
> (212) 490-6070 - facsimile
> pfl@lenmur.com
> nrp@lenmur.com
> cam@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:   City of New York
County of New York  )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information, and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   New York, NY
         June 30, 2008

_____
Nancy R. Peterson